**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT<br>OF JUDICIAL MISCONDUCT | Nos. 08-90087,<br>08-90088,<br>08-90089,<br>08-90090,<br>08-90091,<br>08-90092,<br>08-90093,<br>08-90094,<br>08-90095,<br>08-90096,<br>08-90097,<br>08-90098,<br>08-90099,<br>08-90100,<br>08-90101<br>and<br>08-90102<br>ORDER |

Filed September 30, 2009

Before: David R. Thompson, Sidney R. Thomas,
Susan P. Graber, M. Margaret McKeown, and
Johnnie B. Rawlinson, Circuit Judges, Audrey B. Collins,
Irma E. Gonzalez, and Robert S. Lasnik, Chief District
Judges, and Terry J. Hatter and Robert H. Whaley,
District Judges.

---

## ORDER

On April 15, 2009, the Chief Judge entered an order that
required complainant to show cause why he should not be

sanctioned for his abuse of the misconduct complaint procedure. Complainant did not file a response.

We have carefully reviewed the record. Complainant has filed two misconduct complaints naming thirteen federal judges, raising outlandish and unsupported claims that the judges destroyed evidence and somehow participated in a conspiracy with a state court judge to convict him of murder. Both misconduct complaints have been dismissed as conclusory.

In his second misconduct complaint, complainant names certain members of the Judicial Council solely because they dismissed his petition for review of the first misconduct complaint. Judicial Conduct Rule 25(g) provides that Judicial Council members who are named in a misconduct proceeding may participate in its disposition if:

> (A) participation by one or more subject judges is necessary to obtain a quorum of the judicial council;

> (B) the judicial council finds that the lack of a quorum is due to the naming of one or more judges in the complaint for the purpose of disqualifying that judge or judges, or to the naming of one or more judges based on their participation in a decision excluded from the definition of misconduct under Rule 3(h)(3); and

> (C) the judicial council votes that it is necessary, appropriate, and in the interest of sound judicial administration that one or more subject judges be eligible to act.

This is clearly a case that meets all of these criteria. Complainant names most of the Judicial Council members solely because they denied his petition for review, a merits-related decision that is not cognizable under Judicial-Conduct Rule

3(h)(3). Further, the Commentary to Judicial-Conduct Rule 25 recognizes that multiple-judge complaints are "virtually always meritless," and holds that is not unfair to permit subject judges to participate in the review of the chief judge's dismissal of an insubstantial complaint. It is both necessary to obtain a quorum and in the interest of sound judicial administration that the subject Judicial Council members are eligible to act in this case.

Pursuant to Rule 10(a) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, we conclude that complainant's right to file further misconduct complaints should be restricted. We direct the Clerk to enter the following pre-filing review order:

*Pre-Filing Review Order*

(1) This pre-filing review order shall apply to all misconduct complaints or petitions for review filed by complainant.

(2) Any future misconduct complaint or petition for review filed by complainant shall comply with the requirements of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, and shall contain the sentence "THIS COMPLAINT/PETITION IS FILED SUBJECT TO PRE-FILING REVIEW ORDER Nos. 08-90087, 08-90088, 08-90089, 08-90090, 08-90091, 08-90092, 08-90093, 08-90094, 08-90095, 08-90096, 08-90097, 08-90098, 08-90099, 08-90100, 08-90101 and 08-90102" in capital letters in the caption of the complaint or petition.

(3) If complainant submits a misconduct complaint or petition for review in compliance with this order, the Clerk shall lodge the complaint or petition and accompanying documents. The Clerk shall not file the complaint or petition until complainant's submission is reviewed and a determination is made as to whether it merits further review and should be filed.

(4) This pre-filing review order shall remain in effect until further order of the Judicial Council. Complainant may, no earlier than October 1, 2011, petition the Judicial Council to lift this pre-filing review order, setting forth the reasons why the order should be lifted.

Complainant's failure to comply with this order shall result in any new misconduct complaints or petitions for review being dismissed or not being filed and other sanctions being levied as the Judicial Council may deem appropriate.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.